### In re HOULIHAN.

#### (District Court, N. D. New York. March 12, 1920.)

RECEIVERS ⊙⇒174(4)—LEAVE TO SUE UNPROFITABLE RAILROAD IN HANDS OF RECEIVER DENIED.

Leave to sue a street railway company, for which a receiver has been appointed, for an assault and battery committed prior to the receivership, instead of filing the claim with the special master appointed to take proof of claims, will be denied, where the road is being operated at a

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

loss, the receiver is without funds to defend the action, and the railway company without funds to pay judgments.

Petition by Margaret L. Houlihan for leave to sue the Binghamton Railway Company. Application denied.

Application by the above-named petitioner for leave to institute and prosecute an action against the Binghamton Railway Company to recover damages in the sum of $10,000, which she claims to have sustained by reason of an unjustifiable assault and battery committed upon her by one of the conductors or employés of said railway company, engaged in running one of the cars of said railway company, and which assault is alleged to have been committed prior to the appointment of a receiver in a suit now pending in the United States District Court in favor of Westinghouse Electric & Manufacturing Company against the Binghamton Railway Company, and in which action a receiver was duly appointed, and said. receiver now has possession of and is running said Binghamton Railway Company. In the said action this court has appointed a special master to take proof of all claims against the said company existing at the time of the appointment of said receiver, or which had arisen prior to the institution of such action in which such receiver was appointed.

Jenkins, Deyo & Hitchcock, of Binghamton, N. Y., for petitioner.
Curtiss, Keenan, Brink & Harrison, of Binghamton, N. Y., for Binghamton Ry. Co. and its receiver.

RAY, District Judge. I do not think this application should be granted. The receiver is without funds to defend such action, and the railway company itself is without funds to pay judgments against it, should one be obtained. This claimant, the petitioner, can file her claim with the special master and proceed in the usual way, but to grant applications of this character permitting suits would involve the receiver in the defense of a large number of claims and demands of a similar nature, which are claimed to have arisen prior to the institution of the receivership.

Experience has shown and demonstrates that this railroad is being run by the receiver at a loss. All the revenues are required to meet the daily expenses of operating the road. Application was made to the Public Service Commission for leave to increase the rates of fare charged from five cents to six cents, so as to provide funds for increasing wages of employés and meeting running expenses; but a judge of the Supreme Court of the state granted a writ of prohibition, prohibiting the Public Service Commission from granting such an increase, and the result is that both the receiver and the railway company are tied down in such a manner that the action proposed and other similar actions could not be properly defended.

The application to institute and prosecute the action is therefore denied, and there will be an order accordingly.